## NOBORU KANBARA v. ACHESON, Secretary of State.
### Civ. No. 12241–WB.

United States District Court
S. D. California, Central Division.
Jan. 30, 1952.

A. L. Wirin and Fred Okrand, Los Angeles, Cal., for plaintiff.

Walter S. Binns, U. S. Atty., Ernest A. Tolin, U. S. Atty., Los Angeles, Cal., Clyde C. Downing, Asst. U. S. Atty., Chief, Civil Division, and Robert K. Grean, Asst. U. S. Atty., all of Los Angeles, Cal., for defendant.

LING, Chief Judge.

### Findings of Fact

#### I

The plaintiff, Noboru Kanbara, was born at Acampo, California, on September 26, 1921, of parents born in Japan. His permanent residence is Huntington Beach, California, within this judicial district and he claims said residence as his permanent residence. At all times since his birth plaintiff has been and now is a national and a citizen of the United States of America with all of the rights, privileges and immunities of such citizenship.

#### II

The defendant, Dean Acheson, is the Secretary of State of the United States. As such, he is the head of the State Department.

#### III

In 1933 plaintiff was taken to Japan by his mother. In 1935 plaintiff's mother returned to the United States. She left plaintiff in Japan in order for him to complete his schooling. It was understood that upon completion of his schooling he was to return to the United States to live permanently. Before plaintiff had completed his schooling, World War II broke out and plaintiff was unable to return.

In October, 1943, plaintiff was ordered to and he did accept a position teaching in Iwata Elementary School in Kibi-gun, Okayama-Ken. Plaintiff accepted this position in order to keep from starving.

#### IV

In March, 1945, plaintiff was drafted into the Japanese Army. Plaintiff responded to the draft order against his will, but because he feared if he didn't, he would be jailed or killed by the military or special police.

At the time plaintiff was drafted, the laws of Japan provided that if one evaded military service he would be punished by penal servitude of three years or less, and also that if one called to military service failed to report within five days, he would be punished by imprisonment of one year or less. Plaintiff remained in the Japanese Army until August, 1945.

#### V

Plaintiff, in September 1945, resumed teaching as an instructor in Okayama Prefecture. Plaintiff accepted this position, again in order to keep from starving as plaintiff had no other trade or profession. In addition, plaintiff had ill health which prevented him from engaging in other work. Plaintiff continued to teach until January, 1949.

#### VI

In accepting the position as teacher and in entering the Japanese Army, plaintiff did not act voluntarily but rather he acted un-

der coercion and duress and not of his own free will and accord. The plaintiff has committed no voluntary act of disloyalty to the United States.

### VII

In December, 1948, plaintiff applied at the office of the United States Consul in Yokohama for a passport to return to the United States as an American citizen. Passport was denied plaintiff and on October 24, 1949, he was issued a Certificate of the Loss of the Nationality of the United States. Said certificate was approved by the Department of State on December 15, 1949.

The denial of the passport and the issuance of the Certificate of the Loss of the Nationality of the United States constitutes a denial to the plaintiff by the defendant of a right as a citizen of the United States.

### Conclusions of Law

As conclusions of law from the foregoing findings of fact, the Court concludes:

### I

This Court has jurisdiction to hear and determine the within cause under the provisions of Section 503 of the Nationality Act, 8 U.S.C.A. § 903.

### II

The entry of plaintiff into the armed forces of Japan and his service in said armed forces were involuntary and were under duress and compulsion and were not done by plaintiff of his own free will and accord.

### III

The plaintiff's service in the Japanese Army did not result in his expatriation as a citizen of the United States.

### IV

The plaintiff's service as teacher at the Iwata Grammar School was involuntary and under duress and compulsion and was not done by plaintiff of his own free will and accord.

### V

Plaintiff's service as teacher at the Iwata Grammar School did not result in his expatriation as a citizen of the United States.

### VI

The plaintiff has been continuously at all times since birth, and is now, a national and a citizen of the United States lawfully entitled to all of the rights, privileges and immunities of such citizenship.

### VII

Let judgment in favor of the plaintiff and against the defendant herein be entered accordingly.